**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:     David Nino v. The State of Texas

Appellate case number:   01-19-00511-CR

Trial court case number: 1548025

Trial court:             209th District Court of Harris County

Appellant, David Nino, has filed his fifth motion to extend time despite the Clerk of this Court previously admonishing appellant that no further extensions would be granted. Appellant's brief was originally due on October 3, 2019. Appellant requests an extension through January 27, 2020, but has not filed his brief as of the date of this order. Moreover, appellant's motion does not comply with the Texas Rule of Appellate Procedure 10.5 because it does not state the deadline for filing his brief or the number of previous extensions granted. Tex. R. App. P. 10.5(b)(1)(A), (D). Accordingly, we **deny** appellee's motion.

We issue the following order of abatement. The Clerk of this Court's December 10, 2019 order notified appellant that this case may be abated for failure to file a brief, and informed appellant that no further extensions would be granted. Appellant did not satisfactorily respond. *See* TEX. R. APP. P. 38.8(b)(2). We therefore abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Seth Herschel Kretzer, shall be present. TEX. R. APP. P. 38.8(b)(2). Appellant shall also be present for the hearing in person or, if appellant is incarcerated, at the trial court's discretion, appellant may participate in the hearing by closed-circuit video teleconferencing.[1]

---

[1]     Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The trial court is directed to:

(1) determine whether appellant wishes to prosecute the appeal;
(2) if appellant does wish to prosecute the appeal, determine whether good cause exists to relieve Seth Herschel Kretzer of his duties as appellant's counsel;
(3) if good cause exists, enter a written order relieving Seth Herschel Kretzer of his duties as appellant's counsel, including in the order the basis for and finding of good cause, and appoint substitute appellate counsel at no expense to appellant;
(4) if good cause does not exist, set a date certain when appellant's brief is due, regardless of whether this Court has yet reinstated the appeal and no later than 30 days from the date of the hearing;
(5) make any other findings and recommendations that the trial court deems appropriate; and
(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. arts. 1.051(a), (c), (d)(1), 26.04(j)(2); TEX. R. APP. P. 38.8(b).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 40 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 40 days of the date of this order. If the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court within 40 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature:  __/s/  Evelyn V. Keyes_____
                       ☑ Acting individually     ☐ Acting for the Court


Date:  February 4, 2020_____

2